**FIRESTONE PLANTATIONS CO., Appellant, v. ERIE RAILROAD CO., Appellee.**

Ohio Appeals, Ninth District, Summit County.

No. 3960.   Decided February 25, 1949.

### OPINION

By STEVENS, J.

The amended petition filed herein sought recovery from defendant of $2,068.50, alleged to be the value of certain steel which was missing from a shipment to plaintiff destined for Marshall, West Africa.

The amended petition alleged that said steel was shipped by the Caine Steel Co., of Chicago, Illinois, about August 21, 1945, via the Erie Railroad Co., to the plaintiff on board the S. S. Adrastus at New York City; that the shipment was unloaded October 16, 1945, at Marshall, West Africa; that in December, 1945, plaintiff discovered that it was in possession of only a portion of the steel constituting said shipment; that from December, 1945, until September, 1946, plaintiff sought to locate said missing portion of said shipment, and in September, 1946, learned that said portion had been placed in ground storage at Weehawken, New Jersey.

Said shipment moved under a uniform bill of lading, which, by reference, was made a part of the petition. The bill of lading contained the following:

"Sec. 2(b). As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has

disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

On September 20, 1946, plaintiff filed its claim in writing with defendant.

The answer of defendant, for a second defense alleged that claim for said loss was not filed within nine months following delivery of the steel to the port of export, or within nine months after a reasonable time for delivery had elapsed, as provided in the bill of lading, and that plaintiff's action was therefore barred.

Plaintiff demurred to said second defense; and, its demurrer being overruled, declined to plead further, and permitted judgment for defendant to be entered.

It is to reverse said judgment that this appeal on questions of law has been perfected.

Concededly, the shipment in question was one in interstate commerce, and whether the plaintiff complied with the terms of the bill of lading is a question to be determined by the application of federal law.

The provision of the bill of lading above quoted is authorized by the Interstate Commerce Act (49 U. S. C. A. 20 (11)).

The decision of the Supreme Court of the United States in Chesapeake & Ohio Ry. Co. v. Martin, 283 U. S. 209; 75 L. Ed. 983, is, in the opinion of this court, completely dispositive of all the claims made by appellant in this appeal.

Judgment affirmed.

HUNSICKER, J, and DOYLE, J, concur.